**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GEORGE STALLINGS      :
            :
v.           :  Civil No. WMN-05-500
            :
NORTHROP GRUMMAN CORP.   :
            :
            :

<u>**MEMORANDUM**</u>

Before the Court is Defendant Northrop Grumman Corporation's (Northrop Grumman's) motion for summary judgment.  Paper No. 12. That motion is ripe for decision.  Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and the motion will be granted.

<u>**I.  FACTUAL AND PROCEDURAL BACKGROUND**</u>

In October 2001, Defendant created a new position – Operations Manager in the Internal Information Systems (IIS) Platform Engineering Department (Operations Manager) - and sought to hire an individual to fill this position.  Plaintiff George Stallings, an African American employee of Northrop Grumman and its predecessor, Westinghouse, for over twenty years, applied for the position.  Although Plaintiff was interviewed for the position, the position was ultimately given to a Caucasian woman who had not been previously employed with Defendant, Ms. Hope Hawes.  Following the selection of Hawes, Plaintiff filed a discrimination charge based on race with the Maryland Commission

on Human Rights arguing that he was substantially more qualified

for the position than Hawes.  The Commission rejected Plaintiff's

allegations of discrimination.  Opp'n Ex. 4.  The Equal

Employment Opportunity Commission (EEOC) issued a Right to Sue

Notice on July 29, 2002.  On February 2, 2005, Plaintiff filed

suit in this Court alleging race discrimination in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 <u>et</u>

<u>seq</u>.  Defendant now moves for summary judgment as to Plaintiff's

claim.

## II.  LEGAL STANDARD

Summary judgment is proper if the evidence before the court,

consisting of the pleadings, depositions, answers to

interrogatories, and admissions of record, establishes that there

is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A

party seeking summary judgment bears the initial responsibility

of informing the court of the basis of its motion and identifying

the portions of the opposing party's case which it believes

demonstrate the absence of a genuine issue of material fact.  <u>Id.</u>

at 323.  The non-moving party is entitled to have "all reasonable

inferences . . . drawn in its respective favor."  <u>Felty v.</u>

<u>Graves-Humphreys Co.</u>, 818 F.2d 1126, 1129 (4th Cir. 1987).

If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact exists for trial.  <u>Celotex</u>, 477 U.S. at 324.  Unsupported speculation is insufficient to defeat a motion for summary judgment.  <u>Felty</u>, 818 F.2d at 1128 (citing <u>Ash v. United Parcel Serv., Inc.</u>, 800 F.2d 409, 411-12 (4th Cir. 1986)).  Furthermore, the mere existence of some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  Thus, only disputes over those facts that might affect the outcome of the case under the governing law are considered to be "material."  <u>Id.</u>

## III.  DISCUSSION

Discrimination under Title VII can be established in two ways, through direct proof of discriminatory intent, <u>Trans World Airlines, Inc. v. Thurston</u>, 469 U.S. 111 (1985), or through indirect proof under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  Plaintiff offers no direct proof of race

discrimination.[1]

In order to establish a prima facie case of racial discrimination in hiring under the McDonnell Douglas burden shifting framework, Plaintiff must show that 1) he is a member of the protected class, 2) he applied for the promotion, 3) he was qualified for the position, and that 4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Anderson, 406 F.3d at 268. It is not disputed that Plaintiff meets the first two requirements: as an African American he is a member of a protected class and he applied for the Operations Manager position. He fails to meet the latter two requirements.

Each of the five descriptions/postings of the Operations Manager position presented by Defendant reflect that a Bachelor's Degree in an Information Technology related discipline was a requirement for the position. Mem. Ex. B, D. 287-88, 300-02, 360-61. Steven Greenspan, the Electronic Systems Manager of Sector Services (in the IIS business area), who created the Operations Manager position, stated in his deposition that operations management experience was one of the most important

---

[1] Plaintiff stated that he did not feel discriminated against during the interview process, Stallings Dep. 69, and when asked for specific evidence that race was a factor in the decision to hire Hawes, he replied that he was black and, in his opinion, more qualified for the position. Id. at 94.

qualifications for the Operations Manager position.   Greenspan
Dep. 20.   In addition, he described the position as "a focal
point for conflict resolution and leadership for the site."   Id.
32.   Plaintiff did not have a college degree, had no experience
managing either large-scale technical operations or multiple
people in multiple organizations,[2] and failed to convey to
Greenspan that he could manage conflicts that arose in the job.[3]
Plaintiff does not allege that he met these requirements, but
instead argues that the aforementioned requirements were not true
requisites of the position.   Opp'n 13.   Plaintiff asserts that
the degree requirements and management and conflict resolution
skills were not mentioned in the job description viewed by
applicants,[4] and asserts that Defendant overemphasized certain

_____

[2] Any management experience claimed by Plaintiff occurred
prior to his employment with Westinghouse/Northrop Grumman,
Stallings Dep. 74-78, was not reflected on his resume, id. 86,
and he failed to share it with Greenspan during the interview.
Id. 110-111.

[3] During the interview when Plaintiff was asked how he would
"manage conflicts as they arose in this job," he replied that,
"he did not foresee receiving phone calls or any type of conflict
type of situations that he would have to resolve."   Greenspan
Dep. 82-83.

[4] In his Opposition, Plaintiff notes that, "[t]he
description seen by candidates (pages 300-301) did not establish
in any way that a management degree was necessary and called upon
a candidate to possess a background in an IT related field."
Opp'n 4.   The description referenced by Plaintiff, however,
specifically states: "Job Qualifications – BA/BS in IT related
discipline.  BS in Information Systems, or related field plus 14+
years experience."

job aspects that favor Hawes over Plaintiff.  Opp'n 6-7, 13.

Plaintiff points to Defendant's interview of Plaintiff as

evidence that the degree requirement did not make Plaintiff

unqualified for the position.  Opp'n 11.

Assuming that Plaintiff's twenty years of previous

employment at Northrop Grumman and its predecessor company

combined with his technical experience minimally qualified him

for the position, he still cannot meet the fourth element of the

prima facie case because he has failed to provide any evidence

that shows the he "was rejected under circumstances which give

rise to an inference of unlawful discrimination." See Texas

Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1980).

Plaintiff only supports his assertions of discrimination with

allegations of past discrimination by Defendant.  Opp'n 6-7.

Plaintiff alleges that a chart provided by Defendant in response

to discovery requests illustrates that over the last five years

none of the thirty management positions filled by Defendant were

filled with African-Americans and that none of the sixteen

Managers hired directly by Greenspan were African American.  Id.

"Statistical evidence alone is insufficient to raise an inference

of discriminatory intent."  Diamond v. T. Rowe Price Assoc.,

Inc., 852 F. Supp. 372, 408 (D. Md. 1994).[5]

---

[5]  In addition, Defendant argues that the chart reflects
that "of the employees that Mr. Greenspan personally hired, 16%
were minorities and 25% of the promotions he made were to

Assuming Plaintiff was a qualified applicant and was "rejected under circumstances which give rise to an inference of unlawful discrimination," summary judgment is still proper because Defendant has articulated a legitimate, non-discriminatory reason for choosing Hawes for the Operations Manager position instead of Plaintiff and Plaintiff has failed to show that this reason is pretextual.  Under the McDonnel Douglas burden shifting scheme, once a plaintiff establishes a prima facie case, "the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for failing to promote the plaintiff."  Diamond, 852 F. Supp. at 406.  Once Defendant provides a legitimate, non-discriminatory reason for the employment, the burden returns to Plaintiff to demonstrate that the reason is pretextual and that discrimination was the motivating factor behind the decision.  Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004).  In failure to promote cases, if the proffered reason for promoting another candidate was based on relative qualifications, the plaintiff has the burden of proving that reason pretextual; "the plaintiff must establish that [he] was the better qualified candidate for the position sought."  Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996).

---

minorities."  Reply 9.

Defendant has offered evidence that Greenspan considered at least three other applicants, including Hawes, (all of which he brought in for a second interview) to be more qualified than Plaintiff.  Hawes had both a Bachelors and Masters degree in computer science, Stallings Dep. Ex. 2, and based on her prior work experience Greenspan concluded that she had management experience and conflict resolution skills.  Greenspan Dep. 93, 115-116.  Hawes showed that she had experience managing multiple projects across multiple organizations and locations.  Id. 115-116.  More specifically, through her work at Sprint PCS she was responsible for maintaining all support operations.  Id.  In addition, during the interview, Hawes explained that she was responsible for the administration of multiple sites and resolving their conflicting needs that arose at times.  Id. 93.  In particular, Hawes had to resolve issues "dealing with prioritization of requests and delivery of service, [and] demanding customers."  Id.

As previously discussed, Plaintiff did not have a college degree and Defendant did not believe that Plaintiff had the requisite experience managing large-scale technical operations, multiple people in multiple organizations, or conflicts that arose in the job.  Greenspan Dep. 55, 82-83.  Plaintiff does not argue that he possessed these skills or that his experience in these areas was superior to that of Hawes, rather he argues that

8

these job descriptions are not accurate portrayals of the

positions requirements.  Opp'n 13.  The description of the

position repeated throughout the job postings, however, describes

the responsibilities of the Operations Manager position as

follows:

> Provide master schedules to ensure all schedules are
> developed and baselined, consolidation of multiple
> project schedules across all departments.  Conduct
> program management reviews.  Act as project manager
> for large-scale and/or inter-disciplinary projects.
> Be a central focal point for all IPT activities and
> internal development and/or process improvement
> projects.

Mot Ex. B, D. 288, 300, 361.  The Court finds that the

Defendant's focus on management and conflict resolution skills is

credible in light of the job description.

     Technical experience is the only skill for which Plaintiff

compares himself to Hawes.  Plaintiff argues that, "Greenspan

ignored Plaintiff's wealth of technical experience at Northrop

Grumman. . . . His experience with the software, hardware and

networking systems would have certainly placed the Plaintiff in a

better position to handle the bulk of the job responsibilities."

Opp'n 12.  Plaintiff does not make any assertions pertaining to

Hawes particular technical experience, or lack thereof, but her

resume, Stallings Dep. Ex. 2, reflects extensive technical

experience.

     An employer's judgment in assessing the qualifications of

applicants is entitled to deference; "it is not [the court's

responsibility] to decide whether the [employer's] reason was wise, fair, or even, correct, ultimately so long as it truly was the reason for the [employment decision]." <u>Dugan v. Albermarle County Sch. Bd.</u>, 293 F.3d 716, 722 (4th Cir. 2002).  Not only did Plaintiff not possess any of the three aforementioned job criteria but, in arguing that he is more qualified than Hawes, he admitted that he did not know Hawes or anything about her qualifications, nor did he know the specific requirements of the Operations Manager position.  Stallings Dep. 71.  Plaintiff's argument that he is more qualified than Hawes rests solely on his subjective belief, which is insufficient to disprove Defendant's explanation for not promoting him.  <u>See</u> <u>Evans</u>, 80 F.3d at 960.

## IV.  <u>CONCLUSION</u>

For these reasons, Defendant's motion for summary judgment will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.


_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: January 24, 2006